UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTONIO MALDONADO,

Plaintiff,

v.

BENOV, et al.,

Defendants.

_________________________________/

CASE NO. 1:10-CV-02346-AWI-MJS (PC)

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

(ECF NO. 1)

AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS

**SCREENING ORDER**

## I. PROCEDURAL HISTORY

On December 16, 2010, Plaintiff Antonio Maldonado, a federal prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. (ECF No. 1.)

Plaintiff is housed at the Taft Correctional Institution ("Taft").

Plaintiff's Complaint is before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

///

## III. PLAINTIFF'S CLAIMS

Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. Bivens, 403 U.S. at 397. To state a claim, a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (42 U.S.C. § 1983 and Bivens actions are "identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens.")

Plaintiff identifies as Defendants Warden Benov, Medical Director Watts, and treating physician Dr. Burnett Rucker. Plaintiff alleges that these Defendants violated his Eighth Amendment rights by failing to provide him proper medical care. Plaintiff seeks five hundred thousand dollars ($500,000) in damages. (Compl., p. 3, ECF No. 1.)

Plaintiff alleges that he has a reducible inguinal hernia causing "horrible pain and that he is unable to live life in prison like others or live normal activities." (Id. at 3.) Plaintiff contends he is unable to do prison work because of his hernia. (Id. at 8.) He has repeatedly requested surgery for his hernia. (Id. at 3.) His requests were denied. (Id. at 3.) Plaintiff was told by Defendant Rucker that Rucker "can't do any surgery at [T]aft,". Defendant Rucker appears to indicate that the hernia "was no danger...." (Id. at 3.)

### A. Bivens Linkage Requirement

Plaintiff must allege facts showing how the individually named Defendants caused or personally participated in causing the constitutional harm alleged. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981); see also Samuel v. Michaud, 980 F.Supp. 1381, 1396 (D. Idaho, 1996) ("[A] person deprives another of a constitutional right, within the meaning of

Bivens, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation complained of") (citing Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988)). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978); see also Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982); see also Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1990) ("respondeat superior" theory of liability inapplicable to Bivens actions).

Plaintiff alleges that Dr. Rucker denied his request for surgery. (Compl. at 3.) He alleges Defendant Watts responded to his request by telling Plaintiff that "(he) [had been] seen by a specialist". (Id. at 6).

The Complaint does not attribute to Warden Benov any act or omission in violation of Plaintiff's constitutional rights. As such, Plaintiff has failed to state a claim against Warden Benov. The Court will give Plaintiff leave to amend to attempt to state a claim against Warden Benov if he is aware of true facts which would support a claim against the warden.

Plaintiff must set forth sufficient truthful facts showing that Warden Benov personally took some action, or failed to take some legally required action, that violated his constitutional rights. The mere fact that Warden Benov is the chief authority at Taft is not enough.

**B.    Inadequate Medical Care**

Plaintiff claims that he received inadequate medical care in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett

v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff alleges his herniated condition caused him to suffer horrible chronic pain and prevented him from working. (Compl. at 4.) The Court finds that this describes a serious medical condition in satisfaction of the first prong of an Eighth Amendment claim. See Jones v. Johnson, 781 F.2d 769, 771–72 (9th Cir.1986) (held that a hernia which caused severe pain and an inability to work stated a serious medical need); see also McGuckin, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."); see also Grieveson v. Anderson, 538 F.3d 763, 779 (7th Cir. 2008) quoting Gutierrez v. Peters, 111 F.3d 1364, 1372 (7th Cir. 1997) (a medical condition

that is "sufficiently serious or painful" can present a separate objectively serious condition.)

On the other hand, the Court finds that the Plaintiff has failed to satisfy the second prong, the deliberate indifference analysis. Documents attached to the Complaint reflect that surgery was **not** recommended by medical staff at California City Correctional Center when Plaintiff was housed there prior to his transfer to Taft.[1] Upon Plaintiff's arrival at Taft, Dr. Rucker examined Plaintiff and decided to continue the non-surgical course of treatment. (Compl. at 4, 7-8.) See Johnson v. Doughty, 433 F.3d 1001 at 1014 (where "treatment ... [is] grounded in professional judgment, and [there] was afforded adequate, reasonable medical treatment [a]...finding of no deliberate indifference is more than plausible ....")

The fact that Plaintiff disagrees with the course of treatment selected by the Defendants does not satisfy the deliberate indifference requirement for an Eighth Amendment claim. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. The Ninth Circuit has held that mere "indifference", "negligence", or "medical malpractice" will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). An inmate's disagreement with medical professionals about his hernia treatment needs, and a disagreement with the exercise of medical judgment does

---

[1] The Court takes notice of Maldonado v. Adler, No. 1:10-CV-01170-MJS (PC) (E.D. Cal.), dismissed on September 2, 2011. Plaintiff's First Amended Complaint in that action alleges that Plaintiff was housed at California City Correctional Center prior to his arrival at Taft and that medical staff at California City denied surgical treatment for his hernia. See First Amended Compl., p. 8, ECF. No. 9.)

not state a claim for deliberate indifference. See Chadwick v. Walker, 365 Fed. Appx. 687, 689 (7th Cir. 2010) (continuing hernia pain and reliance on pain medication following treatment is not sufficient to show deliberate indifference); see also Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003) ("a disagreement with medical professionals about [a plaintiff's] needs ... does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of Estelle."). The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Johnson 433 F.3d at 1013, citing Hudson v. McMillian, 503 U.S. 1, 9 (1992).

Accordingly, the Court finds that Plaintiff has failed to state a claim for deliberate indifference to a serious medical need. The Court will give Plaintiff leave to amend his Complaint with regard to the alleged inadequate medical care. In order to state a claim for a violation of the Eighth Amendment based on inadequate medical care, Plaintiff needs to set forth sufficient facts showing (1) a serious medical need, and (2) a deliberately indifferent response to that need on the part of the Defendants. The fact that Plaintiff disagreed with the care he was provided is not sufficient to show a constitutional violation. He must show that the "course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course of treatment in conscious disregard of an excessive risk to [his] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996).

## IV.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under Section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...." Twombly, 550 U.S. at 555.

/////

/////

Based on the foregoing, it is HEREBY ORDERED that:

Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted.

The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed December 16, 2010.

Plaintiff shall file an amended complaint within thirty (30) days from filing of this order.

If Plaintiff fails to file an amended complaint in compliance with this order, it is recommended that this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the “three strikes” provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: December 16, 2011

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE