UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MALDONADO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BENOV, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:10-CV-02346-AWI-MJS (PC)<br><br>ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(EFC NO. 9)<br><br>PLAINTIFF MUST SHOW CAUSE OR FILE AMENDED COMPLAINT WITH CURRENT ADDRESS BY MARCH 21, 2012 |

On December 16, 2010, Plaintiff Antonio Maldonado, a federal prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. (ECF No. 1.) Plaintiff declined Magistrate Judge jurisdiction. (ECF No. 7.) After screening, Plaintiff's original Complaint was dismissed, but he was given leave to amend provided he did so on or before January 19, 2012. (ECF No. 9.)

-1-

The Court's Order Dismissing Complaint was served by mail and was returned as undeliverable on December 27, 2011. Nothing further has been filed.

Plaintiff did not provide the Court with a current address in the 63 days following the December 27, 2011 return of mail to the Court, or thereafter. Local Rule 183(b) provides that "[a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address [and if] mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

Plaintiff did not file an amended complaint or otherwise respond to the Court's December 19, 2011 Order by the January 19, 2012 deadline. Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and

failure to comply with local rules).

The Court cannot allow this case to languish on its docket without an operative complaint. Accordingly, not later than March 21, 2012, Plaintiff shall either file an amended complaint with a current address or show cause as to why his case should not be dismissed for failure to state a claim, failure to comply with a Court order and failure to prosecute.

**Plaintiff is hereby on notice that failure to meet this deadline will result in the immediate dismissal of this action subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).** <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   March 7, 2012              /s/ *Michael J. Seng*
ci4d6                        UNITED STATES MAGISTRATE JUDGE