1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  ANTONIO MALDONADO,                    CASE NO. 1:10-cv-02346-AWI-MJS

10             Plaintiff,                FINDINGS AND RECOMMENDATION FOR
                                         DISMISSAL OF PLAINTIFF'S ACTION
11                                       WITH PREJUDICE

12     v.                               (ECF NOS. 9, 11)

13                                       OBJECTIONS DUE WITHIN FOURTEEN
   BENOV, et al.,                        (14) DAYS
14
15             Defendants.

16  _____/

17          On December 16, 2010, Plaintiff Antonio Maldonado, a federal prisoner proceeding

18  pro se and in forma pauperis filed this civil rights action  (ECF No. 1) alleging  deliberate

19  indifference to medical needs pursuant to Bivens v. Six Unknown Named Agents of

20  Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Bivens provides a remedy for violation

21  of civil rights by federal actors. Plaintiff declined Magistrate Judge jurisdiction. (ECF No.

22  7.)

23          The Court is required to screen complaints brought by prisoners seeking relief

24  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

25  § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

26  raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

27  relief may be granted, or that seek monetary relief from a defendant who is immune from

28

such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

After screening, Plaintiff's original Complaint was dismissed, but he was given leave to amend provided he did so on or before January 19, 2012. (ECF No. 9.) The Court's Order Dismissing Complaint was served by mail but returned as undeliverable on December 27, 2011.[1]

The Court then Ordered that by not later than March 21, 2012, Plaintiff either file an amended complaint with a current address or show cause why this case should not be dismissed for failure to state a claim, failure to comply with a Court Order and failure to prosecute. (ECF No. 11.) Plaintiff was advised that a failure to meet this deadline would result in the dismissal of this action subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011). The Court's said Order was served by mail but returned as undeliverable on March 13, 2012. Plainitff has not responded to it in any ay.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831-32 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61

---

[1] Local Rule 183 (b) provides that a party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address and that a failure to provide a current address within 63 days of returned mail is grounds for dismissal of the action for failure to prosecute.

(9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Ghazali</u>, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket weigh in favor of dismissal.  In these respects, the Court has a vast caseload before it and can not indulge Plaintiff's disregard of its Orders and Rules. The third factor, risk of prejudice to the Defendants, also weighs in favor of dismissal, since a presumption of injury arises from delay in resolving an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Given Plaintiff's non-responsiveness to the Court's earlier orders and his pro se and in forma pauperis status, "less drastic alternatives" other than those taken to date (i.e., repeated orders to Plaintiff to comply) do not exist and the ultimate sanction of dismissal is warranted. <u>Malone</u>, 833 at 132-33.

Plaintiff's Complaint fails to state any cognizable federal claim. He has failed to keep the Court and opposing parties apprised of his current address and failed to comply with the Court's Local Rules and repeated Orders. No lesser sanction than dismissal is

1   appropriate.

2          Accordingly, it is **RECOMMENDED** that this matter be **DISMISSED by the District**

3   **Judge**.

4          These findings and recommendations are submitted to the United States District

5   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).

6   Within fourteen (14) days after being served with these Findings and Recommendation,

7   any party may file written objections with the Court and serve a copy on all parties.  Such

8   a document should be captioned "Objections to Magistrate Judge's Findings and

9   Recommendation."  Any reply to the Objections shall be served and filed within ten (10)

10  days after service of the Objections.  The parties are advised that failure to file objections

11  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez</u>

12  <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

13

14

15  IT IS SO ORDERED.

16  Dated:   March 28, 2012          /s/ *Michael J. Seng*

17                                   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28